**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DAVAUS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00398-GSL-SLC |
| | ) | |
| S7 IP HOLDINGS, LLC, and | ) | |
| SHAWN GENGERKE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT S7 IP HOLDINGS, LLC'S ANSWERS TO**
**PLAINTIFF DAVAUS, LLC'S FIRST SET OF INTERROGATORIES**

Defendant S7 Holdings, LLC ("Defendant" or "S7"), for its Answers to Plaintiff Davaus, LLC's

First Set of Interrogatoreis to Defendant S7 IP Holdings, LLC, states the following:

**GENERAL OBJECTIONS AND RESPONSES**

1.      Defendant has not completed discovery in this action. As discovery and other trial

preparation proceeds, additional facts, information, and documents may be identified or discovered that

are not set forth in these responses, but which may be responsive to the Interrogatories. The following

responses are based on Defendant's knowledge, information, and belief at this time.

2.      By responding to these Interrogatories, Defendant does not in any way adopt Plaintiff's

purported definitions of words or phrases contained in Plaintiff's Interrogatories. Defendant objects to

any definition to the extent inconsistent with the ordinary and customary meaning of such words and

phrases. Similarly, Defendant objects to any definition to the extent such definition attempts to impose

any obligations broader than or inconsistent with applicable discovery rules or common law.

3.      The above are hereby made applicable to each and every answer stated herein and are

incorporated by reference as if fully set forth in each response to Plaintiff's Interrogatories.

1

## ANSWERS TO INTERROGATORIES

**INTERROGATORY 1:**     Name the state in which S7 was created.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served 29 interrogatories without seeking leave of the court. S7 objects that the term "created" is vague and ambiguous.

Subject to and without waiving the foregoing objections, S7 was organized in South Dakota under the laws thereof.

**INTERROGATORY 2:**     State the year in which S7 was created.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 objects that the term "created" is vague and ambiguous.

Subject to and without waiving the foregoing objections, S7 was organized in 2015 under the laws of South Dakota.

**INTERROGATORY 3:**     State the address of S7's principal place of business.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court.

Subject to and without waiving the foregoing objections, S7's principal place of business is 12702 406th Avenue, Groton, South Dakota 57445.

**INTERROGATORY 4:**    Identify by name and location of residence all officers of S7 since December 6, 2013.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 objects to this interrogatory because it is vague and ambiguous in that it does not specify the point in time to which "location" refers, either before, during, or after serving as an officer for S7. S7 further objects to the interrogatory as overly broad in its scope.

Subject to and without waiving the foregoing objections, Shawn Gengerke, 12702 406th Avenue, Groton, South Dakota 57445.

**INTERROGATORY 5:**    Identify by name and location of residence all persons or entities who have owned any portion of S7 over the past five years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 objects to this interrogatory because it is vague and ambiguous in that it does not specify the point in time to which "location" refers, either before, during, or after owning a portion of S7. S7 further objects to the interrogatory as overly broad in its scope. S7 objects that the term "portion" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Shawn Gengerke, 12702 406th Avenue, Groton, South Dakota 57445.

**INTERROGATORY 6:**    Identify by name and location all employees of S7 since December 6, 2013.

3

EXHIBIT F, Page 3 of 22

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 objects to this interrogatory because it is vague and ambiguous in that it does not specify the point in time to which "location" refers, either before, during, or after serving as an employee for S7. S7 further objects to the interrogatory as overly broad in its scope and in that it seeks information that is not relevant to the question of jurisdiction over S7 in the Northern District of Indiana.

Subject to and without waiving the foregoing objections, none.

**INTERROGATORY 7:**    Since December 6, 2013, has S7 received any revenue for any reason other than through patent license agreements? If so, describe the nature and source of any and all revenue received by S7 other than through patent license agreements for the past five years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, not proportional to the present needs of the case, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

4

Subject to and without waiving the foregoing objections, no.

**INTERROGATORY 8:**    For each of the past five years state the total revenue received by S7 and what percentage of that total revenue relates in a way to the '830 patent.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as irrelevant, not proportional to the present needs of the case, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana—S7's total revenues and the percent of S7's revenues derived from the '830 patent is irrelevant to the question of whether the Northern District of Indiana may exercise personal jurisdiction over S7. Further, none of the type of conduct requested in this interrogatory occurred in Indiana. All revenues, if any, were received in South Dakota from a South Dakota entity with a non-exclusive license to sell products that read on the '830 patent anywhere in the United States. Therefore, S7 refuses to answer this interrogatory because it is not relevant to jurisdiction in Indiana.

**INTERROGATORY 9:**    Identify all parties to whom S7 has licensed or otherwise authorized to use of the '830 patent design.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 objects that the terms "patent design" and "authorized" are vague and ambiguous. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to the interrogatory as overly broad in its scope.

Subject to and without waiving the foregoing objections, Leading Edge Industries, Inc. is a non-exclusive licensee of the '830 patent. S7 has not licensed the '830 patent to any other individual or entity.

**INTERROGATORY 10:**    Identify by manufacturer and product name all products known to you that utilize or rely upon the '830 patent design.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from

discovery. S7 further objects to the interrogatory as overly broad in its scope. S7 objects that the term "utilize" is vague and ambiguous. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana—the products that practice the claims of the '830 patent, if any, manufactured, distributed, offered for sale, or sold by a non-exclusive licensee are irrelevant to the question of whether the Northern District of Indiana may exercise personal jurisdiction over S7.

Subject to and without waiving the foregoing objections, the Harvest Sweep product sold by Leading Edge Industries, Inc. reads on the '830 patent.

**INTERROGATORY 11:**    Identify by name and location of residence all parties who pay royalties to you for use of the '830 patent design.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 objects to the term "location" as vague and ambiguous in that it does not specify the point in time to which "location" refers, either before, during, or after a payment of a royalty to S7. S7 objects to the term "pay" as vague and ambiguous in that it is unclear if the interrogatory seeks information about past payments of royalties, current royalty payments, or future royalty payments due to S7 on the '830 patent. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this

interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, only Leading Edge Industries, Inc., as a non-exclusive licensee, is obligated to pay royalties to S7 regarding the '830 patent.

**INTERROGATORY 12:**    Identify by name and location all parties who paid royalties to you for any reasons (not limited to the '830 patent design) since December 6, 2013.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, none.

**INTERROGATORY 13:**    Identify all ways in which S7 has generated revenue for the past ten years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories.

Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana—how S7 has generated revenue is irrelevant to the question of whether the Northern District of Indiana may exercise personal jurisdiction over S7. Further, none of the type of conduct requested in this interrogatory occurred in Indiana. All revenues, if any, were received in South Dakota from a South Dakota entity with a non-exclusive license to sell products that read on the '830 patent anywhere in the United States. Therefore, S7 refuses to answer this interrogatory because it is not relevant to jurisdiction in Indiana.

**INTERROGATORY 14:**    State the number of individuals employed by S7 for the past ten years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work

product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana—the number of individuals employed by S7 is irrelevant to the question of whether the Northern District of Indiana may exercise personal jurisdiction over S7.

Subject to and without waiving the foregoing objections, see Answer to Interrogatory No. 6.

**INTERROGATORY 15:**     Identify all states in which S7 is registered to conduct business.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 objects to the phrase "registered to conduct business" as vague and ambiguous. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana.

Subject to and without waiving the foregoing objections, S7 has only ever conducted business— to the extent it understands the term—in South Dakota, which business presently involves owning,

holding, and licensing its patents.

**INTERROGATORY 16:**    Identify by registration number, product name, and year of acquisition all intellectual property owned by S7.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to this interrogatory as unduly burdensome because it requests information that is readily available to Plaintiff through publicly available sources.

Subject to and without waiving the foregoing objections, S7 is the owner of the '830 patent.

**INTERROGATORY 17:**    Identify by name and location of residence all persons or entities who have made payments to S7 for any reason since December 6, 2013.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further

11

objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to the interrogatory as overly broad in its scope. S7 objects to the term "location" as vague and ambiguous in that it does not specify the point in time to which "location" refers, either before, during, or after a payment to S7. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. Further, none of the type of conduct requested in this interrogatory occurred in Indiana. All revenues, if any, were received in South Dakota from a South Dakota entity with a non-exclusive license to sell products that read on the '830 patent anywhere in the United States. Therefore, S7 refuses to answer this interrogatory because it is not relevant to jurisdiction in Indiana.

**INTERROGATORY 18:**    Identify all states in which S7 conducts business and describe the nature of the business in each state.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as constituting two discrete subparts. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly

broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, see Answer to Interrogatory No. 15.

**INTERROGATORY 19:**    For the past five years, identify all states in which an employee of S7 resides.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, see Answer to Interrogatory No. 6.

**INTERROGATORY 20:**    For the past five years, identify all states in which any contractor of S7 resides.

**ANSWER:**

13

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 objects to this interrogatory because it is vague and ambiguous as to the term "contractor." S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, S7 has no contractor(s) to the extent it understands the term.

**INTERROGATORY 21:**    For the past five years, has any product known to utilize the '830 patent design, including but not limited to the Harvest Edge, been sold to an Indiana resident?

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 objects to the terms "utilize" and "patent design" as vague and ambiguous. S7 objects to the term "Indiana resident" as vague, ambiguous, and calling for a legal conclusion. S7 objects to the term "Harvest Edge" as vague and

ambiguous; S7 presumes that Plaintiff means and is referring to Harvest Sweep product sold by Leading Edge Industries, Inc. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, S7 does not sell or distribute any products that practice the claims of the '830 patent. S7 has no specific information related to the operations, sales, or activities of Leading Edge Industries, Inc. and S7 has no ownership interest in or right to exercise direction or control over any aspect of Leading Edge Industries, Inc.

**INTERROGATORY 22:**    For the past five years, has any product known to utilize the '830 patent design, including but not limited to the Harvest Edge, been shipped to an Indiana location?

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 objects to the terms "utilize" and "patent design" as vague and ambiguous. S7 objects to the term "Harvest Edge" as vague and ambiguous; S7 presumes that Plaintiff means and is referring to Harvest Sweep product sold by Leading Edge Industries, Inc. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly

broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, see Answer to Interrogatory No. 21.

**INTERROGATORY 23:**    For the past five years, has any product known to utilize any intellectual property owned by S7 been sold to an Indiana resident?

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 objects to the terms "utilize" and "patent design" as vague and ambiguous. S7 objects to the term "Indiana resident" as vague, ambiguous, and calling for a legal conclusion. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product

16

doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, see Answer to Interrogatory No. 21.

**INTERROGATORY 24:**    For the past five years, has any product known to utilize any intellectual property owned by S7 been shipped to an Indiana location?

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 objects to the term "utilize" as vague and ambiguous. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, see Answer to Interrogatory No. 21.

**INTERROGATORY 25:**    Identify all persons or entities with the right to sell products known to use intellectual property owned by S7 to an Indiana resident over the past five years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered

17

interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 objects to the phrase "known to use" as vague and ambiguous. S7 objects to the term "Indiana resident" as vague, ambiguous, and calling for a legal conclusion. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

Subject to and without waiving the foregoing objections, S7 granted Leading Edge Industries, Inc. a non-exclusive license to make, have made, use, offer to sell, sell, or otherwise distribute products that read on the '830 patent throughout the United States. See also Answer to Interrogatory No. 21.

**<u>INTERROGATORY 26:</u>**    Identify all persons or entities with the right to ship products known to use intellectual property owned by S7 to an Indiana location over the past five years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 objects to the phrase "known to use" as vague and ambiguous. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of

18

jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent that it seeks to obtain sensitive and confidential commercial information requiring protection. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. Based on the aforementioned objections, S7 will not answer this interrogatory.

**INTERROGATORY 27:**    Has S7 licensed the '830 patent to any party other than Leading Edge Industries at any point in the history of S7's ownership of the '830 patent?

 **ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. Based on the aforementioned objections, S7 will not answer this interrogatory.

**INTERROGATORY 28:**    Has S7 been a party to litigation in the past five years? If so, state the venue, caption, and case number of any such litigation.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories.

Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory to the extent it seeks information subject to attorney-client privilege, work product doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery. S7 further objects to this interrogatory as unduly burdensome because it requests information that is readily available to Plaintiff through publicly available sources. Based on the aforementioned objections, S7 will not answer this interrogatory.

**INTERROGATORY 29:**    Identify by name, location, and date any and all trade shows at which a product featuring an S7 patent was presented in the past ten years.

**ANSWER:**

S7 objects because Federal Rule of Civil Procedure 33(a)(1) permits 25 written interrogatories. Plaintiff has served at least 29 interrogatories considering the discrete subparts of each numbered interrogatory without seeking leave of the Court. S7 further objects to the interrogatory as irrelevant to the extent that it requests any information unrelated to the '830 Patent. S7 further objects to the interrogatory as irrelevant, unduly burdensome, and overly broad to the extent that it seeks information unrelated to the question of jurisdiction over S7 in the Northern District of Indiana. S7 objects to the terms "trade show," "product featuring an S7 patent," and "presented" as vague and ambiguous. S7 further objects to the interrogatory as overly broad in its scope. S7 further objects to this interrogatory because it seeks information not within S7's custody, possession, or control. S7 further objects to this

20

interrogatory to the extent it seeks information subject to attorney-client privilege, work product

doctrine, or other privileges and rules of law on the grounds that such a matter is exempt from discovery.

S7 further objects to this interrogatory as unduly burdensome because it requests information that is

readily available to Plaintiff through publicly available sources. Based on the aforementioned objections,

S7 will not answer this interrogatory.

Dated: June 3, 2024                    Jonathan G. Polak, #21954-49
                                       Hayley A. Sears, #36956-49
                                       TAFT STETTINIUS & HOLLISTER, LLP
                                       One Indiana Square, Suite 3500
                                       Indianapolis, IN 46204
                                       (317) 713-3500 – Telephone
                                       (317) 713-3699 – Fax


                                       By:/s/Zachary P. Armstrong
                                       Zachary P. Armstrong (*pro hac vice*)
                                       DEWITT LLP
                                       900 S. Marquette Avenue, Suite 2100
                                       Minneapolis, MN 55402
                                       Telephone: (612) 305-1435
                                       zpa@dewittllp.com
                                       **Attorneys for Defendants**

## **VERIFICATION**

STATE OF SOUTH DAKOTA      )
                           ) ss.
COUNTY OF BROWN            )

      Shawn Gengerke, being first duly sworn, states that he is the member of S7 IP Holdings, LLC and that he has read the foregoing Answers to Interrogatories, and knows the contents thereof; that said Answers to Interrogatories were prepared with his assistance and the advice of counsel, upon whose advice and information he has relied; that the Answers to Interrogatories set forth herein, subject to inadvertent or undiscovered errors, are based on the record in existence, presently recollected and thus far discovered in the course of preparation of the Answers to Interrogatories; that S7 IP Holdings, LLC. reserves the right to make changes to any answers if more accurate information becomes available, and that subject to these limitations, said Answers to Interrogatories are true and correct to the best of his knowledge, information, and belief.

                      S7 IP HOLDINGS, LLC

DATED: June 3, 2024.         By:_____
                      Shawn Gengerke
                      Its: Member