UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DAVAUS, LLC,<br>　　　　　　　Plaintiff,<br>　vs.<br><br>S7 IP HOLDINGS, LLC,<br>　　　　　　　Defendant,<br><br>S7 IP HOLDINGS, LLC and LEADING EDGE<br>INDUSTRIES, INC.,<br>　　　　　　　Counterclaim Plaintiffs,<br>　vs.<br><br>DAVAUS, LLC, AUSTIN EHLE, and DAVE<br>HOCKMEYER,<br><br>　　　　　　　Counterclaim Defendants. | 1:25-CV-01003-CBK<br><br><br>MEMORANDUM OPINION<br><br>AND<br><br>ORDER |

Plaintiff filed this declaratory judgment action in the Northern District of Indiana seeking to invalidate a patent owned by S7 IP Holdings, LLC, and Shawn Gengerke, the named inventor of the patent plaintiff sought to invalidate. Plaintiff failed to timely issue process and serve defendants within 90 days as required by Fed. R. Civ. P. 4(m). On February 23, 2024, 158 days after the filing of the complaint, the Clerk of Court issued a notice to plaintiff that, if no action is taken, the failure would be brought to the attention of the Court. Six days later, plaintiff filed proposed summonses for the Clerk's signature and defendants were served on March 8, 2024.

In March 2024, defendants filed a motion to dismiss for failure to state a claim against Gengerke alleging Genkerke had assigned all right, title, and interest in the patent to S7. Defendants also moved to dismiss both defendants for lack of personal jurisdiction alleging both defendants were residents of South Dakota and did not have sufficient minimum contacts with Indiana. On the same day defendants filed the motion to dismiss, plaintiff filed an amended complaint. In April 2024, defendants filed a motion to dismiss

the amended complaint or, alternatively, transfer the case to the District of South Dakota, alleging that South Dakota was a proper venue.

Discovery was stayed pending ruling on the motion to dismiss but plaintiff was allowed limited discovery as to jurisdiction prior to responding to the motion to dismiss. Six months after the motion to dismiss was filed, and while it was still pending, the parties stipulated to dismiss Gengerke. Finally, in December, 2024, plaintiff filed its response to defendant S7's motion to dismiss for lack of jurisdiction or transfer. Plaintiff did not address at all the motion to transfer. On March 5, 2025, a district court judge in the Northern District of Indiana entered an opinion and order granting defendant S7's motion to transfer this case to the District of South Dakota. The district court noted in its opinion that Davaus "raised no arguments opposing" transfer of the case to the District of South Dakota. Doc. 69, p. 3.

Upon denial of S7's motion to dismiss and grant of the motion to transfer, S7 filed on March 5, 2025, its answer to Davaus' amended complaint and a counterclaim against Davaus alleging patent infringement. On March 21, 2025, S7 filed an amended answer and amended counterclaim against Davaus for patent infringement, naming an additional counterclaim plaintiff Leading Edge Industries, Inc. Some time prior to January 1, 2024, S7 orally entered into a non-exclusive license agreement with Leading Edge Industries, Inc. to manufacture and distribute inventions covered by the patent rights assigned to S7 by Gengerke. The parties reduced that license agreement to writing on January 1, 2024. Leading Edge Industries sells a product called the Harvest Sweep, which has been described in this litigation as the "embodiment of the '830 patent."

Davaus moved to dismiss the counterclaim and to drop Leading Edge Industries as improperly joined. Following briefing and notice by the Court, S7 moved to join Leading Edge Industries as a counterclaim plaintiff and to file an amended counterclaim. That motion was granted and the amended counterclaim was filed. Davaus' motion to dismiss counterclaim and all related briefing was redirected to the amended counterclaim including both S7 and Leading Edge Industries.

A special master was appointed who issued a report and recommendation. The basis of Davaus' motion to dismiss the counterclaim for infringement was that Davaus's product did not infringe the patent. The special master held that the motion to dismiss was premature because it sought preemptive patent claim construction which should not occur at the motion to dismiss stage of the litigation. The report and recommendation was adopted and the motion to dismiss counterclaim was denied.

Davaus filed its answer to the amended counterclaim on November 12, 2025. Plaintiff admitted the allegations that this court has subject matter jurisdiction over the counterclaim. As to the allegation that venue is proper in the District of South Dakota, Davaus "admits that the Amended Counterclaim sets forth sufficient facts and allegations to support venue in this district." As affirmative defenses, Davaus claimed that the counterclaim failed to state a claim, denied that it had infringed any enforceable claim of the '830 patent, and claimed that the patent is invalid. Davaus raised no claim that this Court lacks personal jurisdiction over Davaus.

On February 12, 2026, counterclaim plaintiffs filed an "unopposed" motion to join Austin Ehle and Dave Hockemeyer as counterclaim defendants and to amend their counterclaim. Ehle and Hockemeyer are the principals and sole members of Davaus, a member managed LLC, and the designers of Davaus' Kernel Keeper, the allegedly infringing product. Davaus filed no objection to the motion to join parties and amend counterclaim and the motion was granted.

Following the filing of the amended counterclaim naming Davaus, Ehle, and Hockemeyer, counterclaim defendants Ehle and Hockemeyer moved to dismiss for lack of personal jurisdiction. The burden of proof is on counterclaim plaintiffs seeking to establish this court's personal jurisdiction against counterclaim defendants. Hawkeye Gold, LLC v. China National Materials Industry Import & Export Corp., 89 F.4th 1023, 1030 (8th Cir. 2023).

> [T]o survive a timely motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that personal jurisdiction exists by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state, which may be shown by submitting

3

affidavits and exhibits supporting or opposing the motion. Because a prima facie showing is less onerous than meeting the burden to prove jurisdiction, we have repeatedly said that, [w]here no hearing is held [on the motion to dismiss for lack of personal jurisdiction], we must view the evidence in the light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor.

Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp., 89 F.4th 1023, 1030 (8th Cir. 2023) (internal quotations and citations omitted). Ultimately, however, counterclaim plaintiffs "must establish facts supporting jurisdiction over the [counterclaim defendants] by a preponderance of the evidence . . . either at trial or at a pretrial evidentiary hearing." *Id*. At 1031.

As with many pretrial motions, a court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion. If the court deems it necessary or appropriate, *or if the parties so request*, it may conduct a hearing and receive, or not, live testimony. It may also consider jurisdictional evidence in the form of depositions, interrogatory answers, admissions, or other appropriate forms. But we see no reason to impose on a district court the hard and fast rule that it must automatically assemble attorneys and witnesses when doing so would ultimately serve no meaningful purpose . . .

At bottom, a district court properly carries out its role of disposing of a pretrial motion under Rule 12(b)(2) by applying procedures that provide the parties with a fair opportunity to present the court the relevant facts and their legal arguments before it rules on the motion.

Hawkeye Gold, *supra* at 1031 (*quoting* Grayson v. Anderson, 816 F.3d 262, 268-269 (4th Cir. 2016).

This Court finds that, after reviewing the parties' submissions and legal arguments, this matter is fully submitted – no further evidentiary hearing is required. Counterclaim plaintiffs have met their burden of making a *prima facie* showing of personal jurisdiction on Ehle and Hockemeyer.

The Northern District of Indiana transferred Davaus's declaratory judgment action seeking to prevent S7 IP Holdings from enforcing its patent claim against Davaus to the District of South Dakota. S7 IP Holdings filed a counterclaim against Davaus to enforce the patent. Such counterclaim would be a compulsory counterclaim under Fed. R. Civ. P.

4

13(a)(1)(A) because the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" if this Court can acquire jurisdiction over the counterclaim defendants, Fed. R. Civ. P. 12(a)(1)(B). I find that there is personal jurisdiction over Ehle and Hockemeyer and that their motion to dismiss should be denied.

The situation presented to the patent holders by Ehle and Hockemeyer's objection to personal jurisdiction in the District of South Dakota is that S7 IP Holdings and Leading Edge Industries' patent infringement action must proceed, if at all, against Davaus as a counterclaim in this suit. However, Ehle and Hockemeyer claim that S7 IP Holdings and Leading Edge Industries' patent infringement claim against them must proceed in another jurisdiction.

Dismissal of Ehle and Hockemeyer from this litigation, requiring S7 IP Holdings and Leading Edge Industries to enforce their patent against the individuals responsible for creating an alleged infringing product and creating Davaus to market the alleging infringing product in another jurisdiction would amount to piecemeal litigation with potential inconsistent verdicts and a waste of federal judicial resources. This case has been pending in the United States District Courts for over 30 months. The letters from S7 IP Holdings to Davaus demanding Davaus cease and desist in selling its product which allegedly infringes on S7 IP Holdings' patent were sent in August and September of 2023. Immediately thereafter, Davaus ran to the courthouse to file a complaint for a declaratory judgment that Davaus was not infringing the patent. As set forth earlier, although Davaus raced to the courthouse to choose its own jurisdiction to resolve the issue, no timely service was made upon S7 IP Holdings. Service was not accomplished until over five months later.

The counterclaim plaintiffs moved to strike what Ehle and Hockemeyer set forth in their reply in support of the motion to dismiss (Doc. 163), seeking in the alternative leave of court to file a sur-reply brief. It is clear that the counterclaim defendants have made new arguments and offered new evidence in their reply. This is not to be permitted.

5

Now, therefore,

IT IS ORDERED:

1. Counterclaim defendants Ehle and Hockemeyer's motion, Doc. 151, to dismiss the amended counterclaim against them on the basis of lack of personal jurisdiction is denied.

2. Counterclaim plaintiffs' motion, Doc. 163, to strike or disregard the second declarations (Docs. 161, 162) of Ehle and Hockemeyer is granted and all arguments contained in the reply brief, Doc. 160, related thereto are disregarded.

3. Counterclaim plaintiffs' ) motion, Doc. 163, to file a sur-reply brief is denied as moot.

Dated this 13th day of May, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge